**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30198 |
| Plaintiff-Appellee, | D.C. Nos.<br>3:21-cr-00305-DCN-1<br>3:21-cr-00305-DCN |
| v. | |
| QAYA MIKEL GORDON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted November 16, 2023[**]
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and BENNETT,[***] District
Judge.

The district court convicted Qaya Mikel Gordon of two counts of assault

with a deadly weapon pursuant to the Major Crimes Act ("MCA"), 18 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

§ 1153. The MCA mandates federal criminal jurisdiction over enumerated criminal conduct, including certain types of assault, by Indians in Indian country. 18 U.S.C. § 1153(a); *see also* 18 U.S.C. § 113(a)(3).

In this appeal Gordon challenges the constitutionality of the MCA. The constitutionality of a federal statute is a question of law, which we review *de novo*. *United States v. Lujan*, 504 F.3d 1003, 1006 (9th Cir. 2007). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Gordon contends that the district court lacked jurisdiction because the MCA violates equal protection by discriminating against Indian criminal defendants on the basis of race without a compelling governmental interest and without being narrowly tailored to achieve such an interest. However, the Supreme Court has held that the MCA does not discriminate against Indians on the basis of race. In *United States v. Antelope*, 430 U.S. 641 (1977), the Supreme Court rejected an equal protection challenge to the MCA. The Supreme Court explained that federal Indian laws, including the MCA, are "not based upon impermissible racial classifications." *Id.* at 645. Instead, federal jurisdiction over Indians "is rooted in the unique status of Indians as 'a separate people' with their own political institutions." *Id.* at 646.

2. Gordon also challenges jurisdiction by arguing that Congress exceeded its authority when it enacted the MCA. However, the Supreme Court has long held

2

that Congress's plenary power allows it to legislate criminal laws regarding Indian affairs that occur in Indian country. *Id.* at 648 ("Congress has undoubted constitutional power to prescribe a criminal code applicable in Indian country."); *Keeble v. United States*, 412 U.S. 205, 209–10 (1973) (discussing "the power of Congress to confer" criminal jurisdiction over Indians in Indian country "on the federal courts"); *United States v. Kagama*, 118 U.S. 375, 384 (1886) (emphasizing that the federal government's authority to legislate federal Indian laws "has always been recognized by the executive, and by congress, and by this court, whenever the question has arisen"). And the Ninth Circuit has specifically held that Congress had the authority to enact the Major Crimes Act. *United States v. Lomayaoma*, 86 F.3d 142, 146 (9th Cir. 1996) ("Congress did not exceed its powers under the Indian Commerce Clause when it enacted the Indian Major Crimes Act in 1885.").

3. Finally, Gordon invokes the Supreme Court's recent decision in *Haaland v. Brackeen*, 599 U.S. 255, 143 S. Ct. 1609 (2023), to further question the Major Crime Act's validity. Gordon suggests that a concurring opinion in *Brackeen* announced the Court's repudiation of *Kagama*. But *Brackeen* is inapposite because it did not involve the MCA or criminal law. *See* 143 S. Ct. at 1622–23 (summarizing plaintiffs' challenges to the Indian Child Welfare Act, which governs certain child-custody matters). Even if *Brackeen* were relevant to this case, it would only reinforce the Supreme Court's insistence that Congress has

the power to enact federal Indian laws. *Id.* at 1628–29 ("Congress's power to legislate with respect to Indians is well established and broad. Consistent with that breadth, we have not doubted Congress's ability to legislate across a wide range of areas, including criminal law, domestic violence, employment, property, tax, and trade."). Our reading of *Brackeen* focuses on the opinion of the Court in that case because concurring opinions have no binding precedential value. *Maryland v. Wilson*, 519 U.S. 408, 412–13 (1997).

**AFFIRMED.**